Joseph Petersen (JP 9071)
Robert N. Potter (RP 5757)
KILPATRICK STOCKTON LLP
31 West 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

Lawrence J. Siskind
(application for admission *pro hac vice* to be filed)
Matthew A. Stratton
(application for admission *pro hac vice* to be filed)
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

*Attorneys for Mulberry Thai Silks, Inc. d/b/a Mulberry Neckwear*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OSCAR DE LA RENTA, LTD.,<br><br>                        Plaintiff,<br><br>    -against-<br><br>MULBERRY THAI SILKS, INC.<br>d/b/a MULBERRY NECKWEAR,<br><br>                        Defendant. | Case No.: 08 CIV 4341 (RJS)<br><br>**ANSWER** |

       Defendant Mulberry Thai Silks, Inc. d/b/a Mulberry Neckwear ("Defendant"), for its answer to the complaint filed on May 7, 2008 ("Complaint") by plaintiff Oscar de la Renta, Ltd. ("Plaintiff"), responds as follows:

### JURISDICTION AND VENUE

       1.     Answering the allegations of Paragraph 1 of the Complaint, Defendant admits that this action is based on the causes of action stated. Except as expressly admitted herein, Defendant

denies the remaining allegations of Paragraph 1.

2. Answering the allegations of Paragraph 2 of the Complaint, Defendant denies each and every such allegation.

3. Answering the allegations of Paragraph 3 of the Complaint, Defendant denies each and every such allegation.

## THE PARTIES

4. Answering the allegations of Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Answering the allegations of Paragraph 5 of the Complaint, Defendant admits those allegations contained therein.

## FACTUAL ALLEGATIONS

6. Answering the allegations of Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. Answering the allegations of Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering the allegations of Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. Answering the allegations of Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

said paragraph, and on that basis denies each and every allegation contained therein.

10. Answering the allegations of Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. Answering the allegations of Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. Answering the allegations of Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. Answering the allegations of Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Answering the allegations of Paragraph 14 of the Complaint, Defendant admits those allegations contained therein.

15. Answering the allegations of Paragraph 15 of the Complaint, Defendant admits those allegations contained therein.

16. Answering the allegations of Paragraph 16 of the Complaint, Defendant admits those allegations contained therein.

17. Answering the allegations of Paragraph 17 of the Complaint, Defendant admits those allegations contained therein.

18. Answering the allegations of Paragraph 18 of the Complaint, Defendant admits those allegations contained therein.

19. Answering the allegations of Paragraph 19 of the Complaint, Defendant admits that Section 2.1 of the License Agreement states that Mulberry was granted an "exclusive non-assignable license," and that Section 13.3.1 of the License Agreement states that the License Agreement "may not be assigned, sold or transferred voluntarily or by operation of law," and respectfully refers the Court to the License Agreement for a full statement of its terms and conditions. Defendant denies each and every remaining allegation.

20. Answering the allegations of Paragraph 20 of the Complaint, Defendant denies each and every such allegation.

21. Answering the allegations of Paragraph 21 of the Complaint, Defendant admits that Plaintiff purports to have sent Defendant a letter dated April 4, 2008. Defendant denies each and every remaining allegation.

22. Answering the allegations of Paragraph 22 of the Complaint, Defendant admits that Plaintiff purports to have sent Defendant a letter dated April 18, 2008. Defendant denies each and every remaining allegation.

23. Answering the allegations of Paragraph 23 of the Complaint, Defendant admits those allegations contained therein.

24. Answering the allegations of Paragraph 24 of the Complaint, Defendant denies each and every such allegation.

25. Answering the allegations of Paragraph 25 of the Complaint, Defendant denies each and every such allegation.

26. Answering the allegations of Paragraph 26 of the Complaint, Defendant denies each and every such allegation.

27. Answering the allegations of Paragraph 27 of the Complaint, Defendant denies

each and every such allegation.

28. Answering the allegations of Paragraph 28 of the Complaint, Defendant denies each and every such allegation.

29. Answering the allegations of Paragraph 29 of the Complaint, Defendant denies each and every such allegation.

30. Answering the allegations of Paragraph 30 of the Complaint, Defendant denies each and every such allegation.

31. Answering the allegations of Paragraph 31 of the Complaint, Defendant admits that Section 7.3 of the License Agreement states that a corporate and/or image advertising fee in the amount of two percent (2%) of Net Sales is to be paid by Defendant to Plaintiff within thirty (30) days following the quarterly date, and respectfully refers the Court to the License Agreement for a full statement of its terms and conditions. Defendant denies each and every remaining allegation.

32. Answering the allegations of Paragraph 32 of the Complaint, Defendant admits that Section 7.3 of the License Agreement states that a corporate and image advertising fee is due from Defendant, and respectfully refers the Court to the License Agreement for a full statement of its terms and conditions. Defendant denies each and every remaining allegation.

33. Answering the allegations of Paragraph 33 of the Complaint, Defendant denies each and every such allegation.

34. Answering the allegations of Paragraph 34 of the Complaint, Defendant admits that Section 14.3 of the License Agreement states that within ten (10) days following termination by Plaintiff, Defendant is required to deliver to Plaintiff the inventory schedule specified in Section 14.3, and respectfully refers the Court to the License Agreement for a full statement of

its terms and conditions. Defendant denies each and every remaining allegation.

35. Answering the allegations of Paragraph 35 of the Complaint, Defendant denies each and every such allegation.

36. Answering the allegations of Paragraph 36 of the Complaint, Defendant denies each and every such allegation.

37. Answering the allegations of Paragraph 37 of the Complaint, Defendant denies each and every such allegation.

### FIRST CAUSE OF ACTION
### FOR TRADEMARK INFRINGMENT

38. Answering the allegations of Paragraph 38 of the Complaint, Defendant incorporates by this reference each and every response set forth above in paragraphs 1-37, inclusive, as though fully set forth herein.

39. Answering the allegations of Paragraph 39 of the Complaint, Defendant denies each and every such allegation.

40. Answering the allegations of Paragraph 40 of the Complaint, Defendant denies each and every such allegation.

41. Answering the allegations of Paragraph 41 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42. Answering the allegations of Paragraph 42 of the Complaint, Defendant denies each and every such allegation.

### SECOND CAUSE OF ACTION
### FOR FEDERAL UNFAIR COMPETITION

43. Answering the allegations of Paragraph 43 of the Complaint, Defendant incorporates by this reference each and every response set forth above in paragraphs 1-42,

inclusive, as though fully set forth herein.

44. Answering the allegations of Paragraph 44 of the Complaint, Defendant denies each and every such allegation.

45. Answering the allegations of Paragraph 45 of the Complaint, Defendant denies each and every such allegation.

46. Answering the allegations of Paragraph 46 of the Complaint, Defendant denies each and every such allegation.

47. Answering the allegations of Paragraph 47 of the Complaint, Defendant denies each and every such allegation.

48. Answering the allegations of Paragraph 48 of the Complaint, Defendant denies each and every such allegation.

49. Answering the allegations of Paragraph 49 of the Complaint, Defendant denies each and every such allegation.

### THIRD CAUSE OF ACTION
### FOR STATE UNFAIR COMPETITION

50. Answering the allegations of Paragraph 50 of the Complaint, Defendant incorporates by this reference each and every response set forth above in paragraphs 1-49, inclusive, as though fully set forth herein.

51. Answering the allegations of Paragraph 51 of the Complaint, Defendant denies each and every such allegation.

52. Answering the allegations of Paragraph 52 of the Complaint, Defendant denies each and every such allegation.

53. Answering the allegations of Paragraph 53 of the Complaint, Defendant denies each and every such allegation.

54. Answering the allegations of Paragraph 54 of the Complaint, Defendant denies each and every such allegation.

55. Answering the allegations of Paragraph 55 of the Complaint, Defendant denies each and every such allegation.

## FOURTH CAUSE OF ACTION
## FOR BREACH OF CONTRACT

56. Answering the allegations of Paragraph 56 of the Complaint, Defendant incorporates by this reference each and every response set forth above in paragraphs 1-55, inclusive, as though fully set forth herein.

57. Answering the allegations of Paragraph 57 of the Complaint, Defendant denies each and every such allegation.

58. Answering the allegations of Paragraph 58 of the Complaint, Defendant denies each and every such allegation.

59. Answering the allegations of Paragraph 59 of the Complaint, Defendant denies each and every such allegation.

60. Answering the allegations of Paragraph 60 of the Complaint, Defendant denies each and every such allegation.

61. Answering the allegations of Paragraph 61 of the Complaint, Defendant denies each and every such allegation.

## PRAYER FOR ORDER AND JUDGMENT

62. Defendant denies that Plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph on page 14 of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

63. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

64. Plaintiff has breached the License Agreement's implied covenant of good faith and fair dealing by unreasonably withholding consent to the assignment of the license to the purchaser of substantially all of the licensee's assets.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

66. Plaintiff is misusing the trademark laws for anticompetitive purposes.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

67. The accelerated royalty minimums Plaintiff seeks in its Complaint constitute an unenforceable penalty against Defendant. Accordingly, Plaintiff's claims related to these damages are barred.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

68. If it is ultimately found that Plaintiff suffered injury or damage as alleged in the Complaint, Plaintiff failed to take reasonable steps to avoid injury or to mitigate any damages allegedly suffered as a result of any alleged acts or omissions by Defendant.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims fail because Plaintiffs and/or representatives acting on its behalf authorized, consented to, and/or licensed Defendant to engage in some or all of the conduct complained of in the Complaint.

## AS AND FOR AN
## EIGHTH AFFIRMATIVE DEFENSE

70. Plaintiffs claims, or one or more of them, are barred by the doctrines of laches, waiver, estoppel and/or acquiescence.

## AS AND FOR A
## NINTH AFFIRMATIVE DEFENSE

71. Plaintiffs claims, or one or more of them, are barred by the applicable statute of limitations, and should therefore be dismissed.

72. Defendant reserves the right to add additional defenses, including affirmative defenses, as they may become apparent during discovery, and specifically reserves the right to amend the Answer to the Complaint to allege such defenses as they become apparent.

**WHEREFORE**, Defendant requests the following relief:

(a) That Plaintiff recover nothing of Defendant on any of the purported claims set forth in the Complaint;

(b) That the Court dismiss the Complaint with prejudice; and

(c) That the Court award Defendant such other and further relief, as this Court may deem just and proper, together with the costs and disbursements of this action, including attorneys' fees.

Dated:   New York, New York
         June 18, 2008

**KILPATRICK STOCKTON LLP**

Joseph Petersen (JP 9071)
Robert N. Potter (RP 5757)
31 West 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

HARVEY SISKIND LLP
Lawrence J. Siskind
(application for admission *pro hac vice* to be filed)
Matthew A. Stratton
(application for admission *pro hac vice* to be filed)
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

*Attorneys for Mulberry Thai Silks, Inc. d/b/a
Mulberry Neckwear*