Joseph Petersen (JP 9071)
Robert N. Potter (RP 5757)
KILPATRICK STOCKTON LLP
31 West 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Mulberry Thai Silks, Inc. d/b/a Mulberry Neckwear*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OSCAR DE LA RENTA, LTD.,<br><br>                              Plaintiff,<br><br>       v.<br><br>MULBERRY THAI SILKS, INC.<br>D/B/A MULBERRY NECKWEAR<br><br>                              Defendants. | Case No.: 08 CIV 4341 (RJS) |

## DECLARATION OF JOSEPH PETERSEN IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD

I, JOSEPH PETERSEN, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am a partner at the law firm of Kilpatrick Stockton LLP, 31 West 52nd Street, New York, New York 10019, counsel for defendant Mulberry Thai Silks, Inc. d/b/a Mulberry Neckwear ("Mulberry") in the above-referenced civil action. I am familiar with the proceedings in this case. I make this statement based on my personal knowledge of the facts set forth herein and in support of Kilpatrick Stockton LLP's motion to withdraw as counsel of record for Mulberry.

USADMIN 9346213.1

2. The basis of the instant motion is that Mulberry has instructed Kilpatrick Stockton LLP and its attorneys to withdraw as counsel of record.

3. This case is in its earliest stages, *i.e.*, in advance of the Court's initial scheduling conference which has been scheduled for September 18, 2008. Accordingly, this Firm's withdrawal as counsel for Mulberry will not result in undue delay or prejudice.

4. As indicated above, Mulberry has requested that this Firm withdraw as counsel and therefore consents to the instant application.

5. Plaintiff's counsel, Richard Tashjian, in an August 25, 2008 letter, has advised undersigned counsel that plaintiff opposes this firm's motion to withdraw unless either: (1) Mulberry has new counsel ready, willing and able to meet and confer with plaintiff pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and attend the scheduling conference which the Court has previously scheduled for September 18, 2008; or (ii) Mulberry will consent forthwith to entry of judgment against it for the relief demanded in plaintiff's Complaint. A true and correct copy of Plaintiff's August 25, 2008 letter is attached hereto as Exhibit 1.

6. Contrary to the assertion in Mr. Tashjian's letter, given the early stage of this proceeding there can hardly be any prejudice to plaintiff in this Court's granting this firm's motion to withdraw and affording Mulberry a reasonable amount of time to secure substitute counsel or advise the Court that it elects not to defend itself further in this action.

7. I have furnished a copy of this motion and all pleadings in the above-referenced action to my client at the following addresses:

MULBERRY THAI SILKS, INC.
Attn: Henry Jacobson
P.O. Box 1483
Ross, CA 94957

Lawrence Siskind, Esq.
Harvey Siskind LLP
Four Embarcadero Center
39th Floor
San Francisco, CA 94111
(Referring counsel)

8.  Given the straightforward nature of the instant application, I respectfully request that the Court find inapplicable the memorandum of law requirement of Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

WHEREFORE, I respectfully move this Court for an order permitting this Firm's withdrawal as attorney of record for Mulberry Thai, pursuant to Local Civil Rule 1.4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 28th day of August, 2008 in New York, New York.

_____
Joseph Petersen

# EXHIBIT 1

# TASHJIAN & PADIAN
ATTORNEYS AT LAW

15 WEST 36TH STREET
NEW YORK, NEW YORK 10018

TELEPHONE: (212) 319-9800
FACSIMILE: (212) 319-9883
NOT FOR SERVICE OF LITIGATION PAPERS

NEWARK, NEW JERSEY
WEB: http://www.tashpad.com
E-MAIL: info@tashpad.com

August 25, 2008

<u>VIA E-MAIL</u>
Joseph Petersen, Esq.
Kilpatrick Stockton LLP
31 West 52nd Street, 14th Floor
New York, New York 10019

Re:   <u>Oscar de la Renta, Ltd. v. Mulberry Thai Silks, Inc.</u>, 08 Civ. 4341 (SDNY)(RJS)

Dear Mr. Petersen:

      As per the Court's August 21, 2008 Order, we write to advise you of plaintiff's position concerning your firm's anticipated motion to withdraw as counsel of record for Mulberry.

      By letter dated August 19, 2008, we learned of your firm's intention to withdraw as counsel. At your suggestion, we followed up with Matthew A. Stratton, Esq. of Harvey Siskind LLP to find out if Mulberry had new counsel ready to take over the defense of the action. We made clear to Mr. Stratton in our August 20, 2008 letter that we were concerned over the possibility of a further delay in this action caused by the anticipated motion to withdraw.

      We are alarmed by Mr. Stratton's August 21, 2008 e-mail response in which he stated that "Mulberry is presently moribund," that "Harvey Siskind LLP is not assisting them in this matter," (despite the fact that Mulberry's Answer indicated the firm's intent to appear *pro hac vice*, which was never done); and that he can "email a contact there and see whether Mulberry has other counsel in mind for this suit."

      As you know, the initial Court conference is scheduled for September 18, 2008, meaning that the Rule 26(f) conference between counsel must take place on or before August 28, 2008 and the Rule 26 disclosures are due on September 11, 2008. Mulberry cannot represent itself. See <u>Shapiro, Bernstein & Co. v. Continental Record Co.</u>, 386 F.2d 426 (2d Circ. 1967). Accordingly, unless Mulberry has new counsel ready to take the place of Kilpatrick Stockton, the prosecution of this case will be disrupted by your withdrawal, a factor that would warrant denial of your motion. See <u>Whiting v. Lacara</u>, 187 F.3d 317 (2d Circ. 1999). We are not willing to agree to a situation where Mulberry, having filed an Answer through counsel, is left without counsel, thus hampering our ability to prosecute this case. We are particularly concerned that Mulberry, which has no legitimate defense to this action, has sold off the majority of its assets to a third party and

TASHJIAN & PADIAN
ATTORNEYS AT LAW

Joseph Petersen, Esq.
August 25, 2008
Page 2 of 2

by counsel's own admission is "moribund." It is obvious that Mulberry is simply trying to forestall judgment in order to dispose of whatever assets it might have left.

Accordingly, we oppose Kilpatrick Stockton's motion to be relieved as counsel of record unless either (i) Mulberry has new counsel ready, willing and able to comply with the discovery and conference deadlines without delay, or (ii) Mulberry will consent forthwith to entry of judgment against it for the relief demanded in plaintiff's Complaint.

Very truly yours,

Richard G. Tashjian

Encl.

cc:   Matthew Stratton, Esq.